JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

JOSEPH A. FAZIOLI (ILSBN 6273413)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5061
   Facsimile: (408) 535-5081
   E-Mail: joseph.fazioli@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 06-0650 JF |
|     Plaintiff, ) | No. C 07-04009 JF |
| v. ) | UNITED STATES' OPPOSITION TO DEFENDANT LUERA's 28 U.S.C. § 2255 MOTION |
| ERNESTO LUERA, ) | |
|     Defendant. ) | |

**BACKGROUND**

Defendant Ernesto Luera has filed a 28 U.S.C. § 2255 motion challenging his 8 U.S.C. § 1326 conviction and 51 month sentence on alleged ineffective assistance and other grounds. See Luera § 2255 Motion and Related Papers attached as Exhibit A.[1] On

---

[1] Exhibits to the United States' Opposition (including the defendant's § 2255 Motion, his plea agreement, the transcript of his October 18, 2006 change of plea/summary sentencing hearing; and defendant's fast track criminal history report) are attached at Exhibit A-D. Based upon these documents, the United States believes that summary denial is appropriate because defendant's motion is facially deficient. For this reason the United States has decided not to seek a declaration or interrogatory responses from defense counsel, Federal Public Defender Jay Rorty. If the Court should decide that an evidentiary hearing is appropriate, the United States respectfully will seek an order allowing it to obtain a declaration, interrogatory responses, or live

1  October 18, 2006, Luera pled guilty and was summarily sentenced to 51 months
2  imprisonment pursuant to a "fast track" plea agreement.  See Luera Plea Agreement
3  attached as Exhibit B; and Transcript of Defendant Luera's October 18, 2006 Change of
4  Plea and Sentencing Proceedings, attached as Exhibit C.  In his fast track plea agreement,
5  Luera received a sentence which was substantially below his applicable guideline range.
6  See Exhibit B at 3.[2]  Defendant's plea agreement also contained a broad and unambiguous
7  waiver of his right to appeal and collaterally attack his judgment and sentence.
8  Specifically, defendant agreed to the following:

> 4. I agree to give up my right to appeal my conviction, the judgment, and orders of the Court.  I agree further to waive any right I may have to appeal any aspect of my sentence.  I also agree to waive any venue or limitations defense that I might have in this case.
>
> 5. I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated.

Exhibit B, Luera Plea Agreement at 2.

The defendant acknowledged this waiver and its scope at length during the course of his guilty plea colloquy.[3]

> THE COURT: If this case were to go to trial, and if you were convicted, you'd have the right to appeal anything that this court has done, including the sentence, any ruling the Court has made, any aspect of this proceeding.
>
> Under the plea agreement, you're giving up your right; do you understand that?

---

testimony from Jay Rorty.

[2] The parties agreed in the defendant's plea agreement that the defendant (who had at least one prior felony drug trafficking offense) was subject (after a four level "fast track" reduction for early disposition pursuant to U.S.S.G. § 5K3.1) to an adjusted offense level of 17 and a criminal history category of VI.  See Exhibit B, Luera Plea Agreement at 3. The 51 month sentence the defendant received constituted a low-end sentence at the bottom of that applicable guideline range.  Had the defendant not received the four level "fast track" reduction, he would have been subject to a guidelines sentencing range of 77-96 months (adjusted offense level 21 combined with criminal history category VI).

> DEFENDANT LUERA: Yes, sir.
>
> THE COURT: And do you give up that right?
>
> DEFENDANT LUERA: Yes.
>
> THE COURT: You also have the right to attack, by other ways, orders that this court makes. You can seek a writ of habeas corpus. You can make a motion to direct your sentence. There are various remedies available beside appeal.
>
> Under this plea agreement you are giving up any and all rights of that kind, except for the right to claim that you didn't receive effective legal assistance; do you understand that?
>
> DEFENDANT LUERA: Yes, sir.
>
> THE COURT: And do you give up that right?
>
> DEFENDANT LUERA: Yes.
>
> See Exhibit C, October 18, 2006 Change of Plea Transcript at 9-10.

The Court proceed to summarily sentence Luera to 51 months imprisonment. See Exhibit C at 12-14. Defendant chose not to appeal his conviction or sentence, and now brings this motion under 28 U.S.C. § 2255.

Luera now raises three claims of ineffective assistance of counsel: (1) that his counsel, Assistant Federal Public Defender Jay Rorty, failed to investigate and discover that his statute of conviction, 8 U.S.C. § 1326 - Illegal Reentry, was in fact unconstitutional; (2) that Mr. Rorty allowed Luera "to be sentenced to enhancements which were not on his indictment nor admitted"; (3) that Mr. Rorty failed to challenge alleged Government misconduct in prosecuting the defendant pursuant to 8 U.S.C. § 1326. See generally Exhibit A, Luera § 2255 Motion.

Luera also raises for the first time in his § 2255 motion a number of arguments distinct from pure claims of ineffective assistance. Luera challenges his conviction and sentence on the grounds that: (1) the Government engaged in prosecutorial misconduct by criminally prosecuting the defendant under 8 U.S.C. § 1326 since that statute lacks implementing regulations; (2) Immigration Court is the only and proper venue to hear and decide matters of illegal reentry; and (3) The Court and the Government deprived the

1 | Defendant of his "constitutional right utilizing unimplemented law."  See Exhibit A,
2 | Luera 2255 Motion at 6, 8, 9-10.

## DISCUSSION

### I. THE DEFENDANT'S INEFFECTIVE ASSISTANCE CLAIMS ARE MERITLESS

**A. The Standard For Determining A Claim Of Ineffective Assistance Of Counsel**

The defendant bears a heavy burden to succeed on a claim of ineffective assistance of counsel.  He must show both that "counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).  Failure to establish either prong dooms a claim for ineffective assistance of counsel.  Id. at 697.  As to the first prong of the Strickland test, judicial scrutiny of counsel's performance must be highly deferential, for there is a "strong presumption that counsel's performance f[ell] within the 'wide range of professional assistance.'" Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (quoting Strickland, 466 U.S. at 689); United States v. Palomba, 31 F.3d 1456, 1466 (9th Cir. 1994); see also United States v. Molina, 934 F.2d 1440, 1447 (9th Cir. 1991) (court reviews for "material, specific errors and omissions that fall outside the 'wide range of professionally competent assistance'") (quoting Strickland, 466 U.S. at 690).  Trial counsel's performance is reviewed in the light of facts and circumstances at the time.  Strickland, 466 U.S. at 690.

As to the second prong of the Strickland test, a defendant must show that counsel's deficient performance prejudiced the defense.  Strickland, 466 U.S. at 692.  To prove prejudice, he must show that there is a reasonable probability that, but for counsel's errors and omissions, the result of the proceeding would have been different.  Id. at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  Id. at 694; see also United States v. Span, 75 F.3d 1383, 1387 (9th Cir. 1996). The Supreme Court has recommended disposing of ineffectiveness claims on this second

prong, where possible: "The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will of be so, that course should be followed." Strickland, 466 U.S. at 697.

Where the files and records conclusively show that the prisoner is entitled to no relief, even assuming the truth of defendant's factual allegations, the Court may summarily deny a Section 2255 motion without an evidentiary hearing. 28 U.S.C. § 2255; United States v. Blaylock, as amended, 20 F.3d 1458, 1465 (9th Cir. 1994). Rather than conduct a hearing, district courts may use discovery or documentary evidence to expand the record. Shah v. United States, 878 F.2d 1156, 1159 (9th Cir.), cert. denied, 493 U.S. 869 (1989); United States v. Watts, 841 F.2d 275, 277 (9th Cir. 1988) (per curiam). Section 2255 requires only that the district court "give the prisoner's claim 'careful consideration and plenary processing, including full opportunity for presentation of the relevant facts.'" Watts, 841 F.2d at 277 (quoting Blackledge v. Allison, 431 U.S. 63, 82-83 (1977)).

Not every Section 2255 petition warrants an evidentiary hearing. If the motion, the files and the records of the case conclusively show that the prisoner is entitled to no relief, the Court can make credibility determinations and deny the motion without an evidentiary hearing. Watts, 841 F.2d at 277-78 (petition properly denied where defendant now alleged "agreement" between his attorney and prosecutor that he not be sentenced to more than 20 years, but where his failure to allege the agreement at sentencing, in rule 35 motion, or in subsequent correspondence provided adequate basis for conclusive determination of claim); Shah, 878 F.2d at 1160-61 (record before district court was adequate for conclusive determination that defendant's claim was meritless, without need for evidentiary hearing); United States v. Birtle, 792 F.2d 846, 849 (9th Cir. 1986) (no hearing necessary where alleged facts in dispute all bore on issue of deficient performance, but record clearly established lack of prejudice under Strickland); see also Bischel v. United States, 32 F.3d 259, 264 (7th Cir. 1994) (§ 2255 motion denied where

1  defendant claimed government had promised to make Rule 35(b) motion); "A mere
2  allegation of an 'understanding' or 'promise' without some documentation or statement in
3  the court record is insufficient to merit an evidentiary hearing much less a Rule 35
4  hearing.").

**B.  Defendant Fails To Establish That His Counsel's Performance Was Constitutionally Deficient, and Defendant Cannot Establish Prejudice**

Defendant's § 2255 motion should fail, since none of the specific arguments he puts forward demonstrate that Mr. Rorty was in any way ineffective or that his performance prejudiced the defendant. In fact, Mr. Rorty's advocacy convinced both the Court and the government that an appropriate sentence for the defendant was one of 51 months–over two years less than a low-end guidelines sentence of 77 months which would have otherwise applied to the defendant. Defendant fails to show that he would have been any better served if Mr. Rorty had taken the positions the defendant now puts forward in his § 2255 motion. Since defense counsel's actions resulted in a sentence for the defendant below the applicable Guidelines range, defendant can show no prejudice. There was no ineffective assistance here.

(1) <u>Title 8, United States Code Section 1326 is a Valid, Constitutional Criminal Statute and there was No Government/Prosecutorial Misconduct in this Case</u>

Defendant argues that Mr. Rorty was ineffective because he neither: (1) challenged the constitutionality of 8 U.S.C. § 1326; nor (2) made allegations of prosecutorial misconduct related to the Government's prosecution of this § 1326 case. These arguments are frivolous. The Ninth Circuit has repeatedly recognized federal criminal prosecutions under Title 8, United States Code, Section 1326 to be a permissible exercise of Congress' sweeping power over immigration matters. <u>See e.g.</u>, <u>United States v. Hernandez-Guerrero</u>, 147 F.3d 1075 (9th Cir. 1998)(rejecting defendant's argument that Congress lacks constitutional authority to enact 8 U.S.C. § 1326); <u>United States v. Ruiz-Chairez</u>, 493 F.3d 1089, 1091 (9th Cir. 2007)(in affirming 8 U.S.C. § 1326 conviction arising from this particular district Court, the Ninth Circuit cited <u>Hernandez-Guerrero</u> and

UNITED STATES' OPPOSITION TO DEFENDANT LUERA's 28 U.S.C. § 2255 MOTION
No. CR 06-0650 JF & No. C 07-04009 JF            -6-

1 affirmed that "§ 1326 is a legitimate exercise of Congress' immigration power.")

2 Defendant's various challenges to 8 U.S.C. § 1326 are specious and foreclosed by
3 the Ninth Circuit's analysis in Hermandez-Guerrero and Ruiz-Chairez. Defendant has
4 made no compelling argument as to why 8 U.S.C. § 1326 is somehow unconstitutional.
5 Nor does defendant persuasively demonstrate why 8 U.S.C. § 1326, which quite plainly is
6 a criminal statute, somehow requires a implementing regulation in the Code of Federal
7 Regulations in order to be effective. The fact that Mr. Rorty did not present such
8 challenges to § 1326 certainly does not constitute ineffective assistance.

9 Furthermore, the defendant's various claims of government/prosecutorial
10 misconduct in connection with 8 U.S.C. § 1326 cases in general (or this particular § 1326
11 prosecution) are similarly frivolous as well as factually unsupported. The United States'
12 prosecution of defendant Luera for illegal reentry was legal, ethical, and appropriate.
13 There is no reason whatsoever to think that this Court would have granted a defense
14 motion: (1) facially challenging 8 U.S.C. § 1326 or; (2) alleging any sort of
15 government/prosecutorial misconduct in this case. If Mr. Rorty had pursued such plainly
16 inappropriate arguments through motion practice, the defendant would have no longer
17 qualified for an expedited "fast track" disposition, and likely would have received a
18 sentence higher than the below guidelines sentence of 51 months he ultimately received.
19 Mr. Rorty's decision not to make such frivolous arguments was not ineffective assistance.
20 Rather, it appears to have constituted a reasonable tactical decision that a fast track guilty
21 plea and sentence was in his client's best interest.

22     (2)    <u>Defendant's Fifth and Sixth Amendment Rights Were Not Violated</u>

23 Defendant also asserts that Mr. Rorty was ineffective in allowing defendant's Fifth
24 and Sixth Amendment rights to be violated. Specifically, the defendant asserts that Mr.
25 Rorty allowed the defendant "to be sentenced to enhancements which were not on his
26 indictment nor admitted." Defendant appears to be arguing that Mr. Rorty was
27 ineffective in that he did not challenge the 16-level sentencing enhancement defendant
28 under U.S.S.G. § 2L1.2(b) for illegally returning to the United States after a prior drug

1  trafficking conviction.  Defendant's argument is incorrect both factually and legally, and
2  cannot serve as the basis for an ineffective assistance claim.
3       Initially, defendant is factually incorrect to imply that the 16-level sentencing
4  enhancement he received under § 2L1.2(b) was not "admitted."  Defendant admitted to
5  this precise sentencing enhancement within the guidelines calculation he agreed to in his
6  plea agreement.  See Exhibit B, Luera Plea Agreement at 3.  There was no ineffective
7  assistance in Mr. Rorty allowing the defendant to make this admission since the
8  undisputed record in the case demonstrated that the defendant had a history of prior drug
9  trafficking which subjected him to the 16-level enhancement under § 2L1.2(b).  See
10 Exhibit D, Luera's "Fast Track" Criminal History Report at 2.
11      Furthermore, the Government was not legally required to prove to a grand jury and
12 include in an indictment the fact of defendant's prior drug trafficking conviction which
13 subjected him to a 16-level enhancement § 2L1.2(b).  In Apprendi v. New Jersey, the
14 Supreme Court announced a general rule that "[o]ther than the fact of a prior conviction,
15 any fact that increases the penalty for a crime beyond the prescribed statutory maximum
16 must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 120 S. Ct.
17 at 2362-2363 (2000)(emphasis added).  The Court extended that rule in Blakely, but
18 retained the language "other than the fact of a prior conviction."  Blakely, 124 S. Ct. at
19 2536 ("this case requires us to apply the rule we expressed in Apprendi").
20      After the Supreme Court decided Blakely, the Ninth Circuit, in United States v.
21 Quintana-Quintana, 383 F.3d 1052 (9th Cir. 2004), confirmed that its holding in United
22 States v. Pacheco-Zepeda, 234 F.3d 411 (9th Cir. 2001), remains good law.[4]  Quintana-
23 Quintana, 383 F.3d at 1053.  In Pacheco-Zepeda, the court held the government need not
24 prove beyond a reasonable doubt the existence of a defendant's prior conviction in a
25 prosecution under 8 U.S.C. § 1326.  Id. at 414-415 ("Apprendi held that all prior

---

[4] The Ninth Circuit has maintained this interpretation of Blakely since its decision in Quintana-Quintana.  United States v. Lopez-Zamora, 392 F.3d 1087, 1097-98 (9th Cir. 2004); United States v. Smith, 390 F.3d 661, 667 (9th Cir. 2004).

UNITED STATES' OPPOSITION TO DEFENDANT LUERA's 28 U.S.C. § 2255 MOTION
No. CR 06-0650 JF & No. C 07-04009 JF       -8-

convictions . . . were exempt from Apprendi's general rule and, under Almendarez-Torres, may continue to be treated as sentencing factors."). In Blakely, the Supreme Court specifically left proof of a prior conviction as an exception to the rule of Apprendi and did not overrule Almendarez-Torres v. United States, 523 U.S. 224, 239 (1998). Blakely, 124 S. Ct. at 2536; Quintana-Quintana, 383 F.3d at 1053.

## II. THE DEFENDANT'S NON-INEFFECTIVE ASSISTANCE GROUNDS FOR § 2255 RELIEF SHOULD BE DENIED

As discussed above, defendant's § 2255 motion presents a number of arguments that go beyond pure "claim[s] that [his] constitutional right to the effective assistance of counsel was violated." Specifically, Luera challenges his conviction and sentence on the grounds that: (1) the Government engaged in prosecutorial misconduct by criminally prosecuting the defendant under 8 U.S.C. § 1326 since that statute lacks implementing regulations; (2) immigration court is the only and proper venue to hear and decide matters of illegal reentry; and (3) this Court and the Government deprived the Defendant of his "constitutional right utilizing unimplemented law." See Exhibit A, Luera § 2255 Motion at 6, 8, 9-10. Defendant's non-ineffective assistance arguments in § 2255 motion are both: (1) barred by an express waiver in his plea agreement; and (2) meritless.

### A. The Defendant Knowingly, Intelligently, and Voluntarily Waived His Right to Appeal or Collaterally Attack His Conviction and Sentence On Any Basis Other than the Ineffective Assistance of Counsel

An express waiver of the right to appeal in a negotiated plea of guilty is enforceable if knowingly and voluntarily made, and not in violation of due process or public policy. United States v. Bolinger, 940 F.2d. 478, 480 (9th Cir. 1991); United States v. Navarro-Botello, 912 F.2d 318, 319 (9th Cir. 1990). Likewise, a defendant may specifically waive the statutory right to file a § 2255 motion. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). A review of the written plea agreement establishes that, with the assistance of counsel, the defendant had read and understood the provisions of the plea agreement; had been advised of the nature of the charges against him, his

1  constitutional rights, and sentencing possibilities; entered his guilty plea without force,
2  threats, assurances or promises not contained within the agreement; and finally, that he
3  was satisfied that his attorney had represented him in a competent manner.  See generally
4  Exhibit B, Luera Plea Agreement and Exhibit C, Change of Plea Transcript.  Accordingly,
5  defendant knowingly, intelligently and voluntarily entered into a plea agreement and
6  waived his right to file a motion under § 2255 with respect to any claim other than one of
7  ineffective assistance of counsel.

8  It is appropriate for a court to examine the plain language of a waiver to determine
9  its scope.  United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996); See e.g. United
10 States v. Johnson, 67 F.3d 200 (9th Cir. 1995).  In determining whether a plea agreement
11 waives the right to appeal or to file a collateral attack, courts apply contract principles,
12 including the parol evidence rule, to examine and enforce the plain language of the
13 contract, or plea agreement, and do not look to extrinsic evidence to interpret the terms of
14 an unambiguous written instrument.  United States v. Nunez, 223 F.3d 956, 958 (9th Cir.
15 2000) (citing Wilson Arlington Co. v. Prudential Ins. Co. of Am., 912 F.2d 366, 370 (9th
16 Cir. 1990)).

17 Here, defendant Luera's plea agreement contained a broad and unambiguous
18 waiver of his right to appeal and collaterally attack his judgment and sentence.
19 Specifically, the defendant agreed to waive any challenge to his conviction or sentence at
20 any time in the future after his sentencing "except for a claim that my constitutional right
21 to effective assistance of counsel was violated."  See Exhibit B at 2.  During his plea
22 colloquy, defendant acknowledged that he gave up all challenges to his conviction and
23 sentence other than the claim that he did not receive effective legal representation.  See
24 Exhibit C, Change of Plea Transcript at 9-10.  As the government establishes above, the
25 defendant's attorney provided competent advice.  Further, the documents in file in this
26 case demonstrate that the sentence was fully consistent with the plea agreement.
27 Defendant has provided no credible basis for this Court to conclude that his express
28 waiver was in any way involuntary, unknowing, or unintelligent.  This Court should

1 enforce the defendant's express waiver.  United States v. Baramdyka, 95 F.3d 840, 843
2 (9th Cir. 1996); United States v. Bolinger, 940 F.2d 478, 480 (9th Cir. 1991).

**B.  The Defendant's Non-Ineffective Assistance Arguments Are Also Substantively Meritless.**

Defendant's non-ineffective assistance claims in his 2255 motion are utterly meritless.  As discussed above, there was no prosecutorial/government misconduct involved in the prosecution of the defendant for violating 8 U.S.C. § 1326.  As discussed above, the Ninth Circuit has ruled that statute as currently constituted to be a legal and appropriate means by which the federal government may punish illegal aliens (such as defendant Luera) who commit drug trafficking crimes in the United States, then illegally reenter the United States after deportation.  See e.g., United States v. Hernandez-Guerrero, 147 F.3d 1075 (9th Cir. 1998).  Nor does defendant demonstrate anything about the facts of his particular case which should lead this Court to conclude that there was any prosecutorial/government misconduct.  Defendant's related claim that immigration court is the only and proper venue to hear and decide matters of illegal reentry is similarly incorrect.  Lastly, defendant presents no compelling justification as why his conviction and sentence in this case deprives of him of any supposed "constitutional right utilizing unimplemented law."  There is no constitutional violation in this case, and this Court should reject any of defendant's claims to the contrary.

**CONCLUSION**

For the foregoing reasons, defendant's § 2255 motion should be denied.

DATED: June 1, 2008                              Respectfully submitted,

                                                 JOSEPH P. RUSSONIELLO
                                                 United States Attorney


                                                 _____/s/_____
                                                 JOSEPH A. FAZIOLI
                                                 Assistant United States Attorney