KEVIN V. RYAN (CASBN 118321)
United States Attorney

MARK L. KROTOSKI (CABN 138549)
Chief, Criminal Division

JOSEPH A. FAZIOLI (ILSBN 6273413)
Assistant United States Attorney

   150 South Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5595
   Facsimile: (408) 535-5081
   joseph.fazioli@usdoj.gov

Attorneys for the United States

**FILED**
OCT 1 8 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>ERNESTO LUERA,<br>    a/k/a Ernest Luera-Dominguez,<br>    Defendant. | No. CR 06-00650 JF<br><br>PLEA AGREEMENT |

    I, Ernesto Luera, and the United States Attorney's Office for the Northern District of California (hereafter "the government") enter into this written plea agreement (the "Agreement") pursuant to Rules 11(c)(1)(A) and 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

<u>The Defendant's Promises</u>

    1.    I agree to plead guilty to the captioned information charging me with one count of illegal entry into the United States following deportation, in violation of 8 U.S.C. § 1326, a Class C felony. I agree that the elements of the offense are as follows: (a) I am an alien; (b) I was deported from the United States; (c) I knowingly reentered or was found in the United States without the required permission of the Attorney General or the Secretary of the Department of Homeland Security. I agree that the maximum penalties are as follows:

PLEA AGREEMENT
CR 06-00650 JF

1  a.  Maximum prison sentence         20 years
2  b.  Maximum fine                    $250,000
3  c.  Maximum supervised release term 3 years
4  d.  Mandatory special assessment    $100
5  e.  Restitution                     None
6  f.  Deportation

7  2.  I agree that I am guilty of the offense to which I will plead guilty, and I agree that the following facts are true: I am a citizen of Mexico and am not, nor have I ever been, a citizen of the United States. On or about January 5, 1994, August 4, 1995, April 28, 1998, July 14, 1998, and January 11, 2005, I was deported from the United States to Mexico. On or about June 20, 2005, I was found in the United States. I have never applied for or received the required permission to reenter the country from either the Attorney General or the Secretary of the Department of Homeland Security.

3.  I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the government and to future DNA testing of physical evidence in the government's possession; and to pursue any affirmative defenses and present evidence.

4.  I agree to give up my right to appeal my conviction, the judgment, and orders of the Court. I agree further to waive any right I may have to appeal any aspect of my sentence. I also agree to waive any venue or limitations defenses that I might have in this case.

5.  I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated.

6.  I agree not to ask the Court to withdraw my guilty plea at any time after it is entered, unless the Court declines to accept the sentence agreed to by the parties. I agree that the

1  government may withdraw from this Agreement if the Court does not accept the agreed upon
2  sentence set out below. I agree that if the Court does not accept the agreed upon sentence set out
3  below, the statute of limitations shall be tolled from the date I signed the plea agreement until the
4  date the Court does not accept the plea agreement.

5   7.   I agree that my sentence should be calculated pursuant to the Sentencing
6  Guidelines. I understand that the Court, while not bound to apply the Guidelines, must consult
7  those Guidelines and take them into account when sentencing. I also agree that the Sentencing
8  Guidelines range will be calculated as follows and that I will not ask for any other adjustment to
9  or reduction in the offense level or for a downward departure from the Guidelines range:

|   |   |   |   |
|---|---|---|---|
| | a. | Base Offense Level:<br>(U.S.S.G. § 2L1.2) | 8 |
| | b. | Specific offense characteristics:<br>(U.S.S.G. § 2L1.2(b)(1)(A) -<br>Drug Trafficking Offense) | +16 |
| | c. | Early disposition program:<br>(U.S.S.G. § 5K3.1) | -4 |
| | d. | <u>Acceptance of Responsibility</u>:<br>(If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a three-level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing.) | -3 |
| | e. | Adjusted offense level | 17 |

20  I agree that I am subject to a criminal history category VI for purposes of the Sentencing
21  Guidelines.

22   8.   I agree that a reasonable and appropriate disposition of this case, under the
23  Sentencing Guidelines and 18 U.S.C. § 3553(a), is as follows: a sentence of 51 months
24  imprisonment, which constitutes a sentence at the low end of the Guidelines range for adjusted
25  offense level 17 and the applicable criminal history category VI; a mandatory special assessment
26  of $100, which I agree to pay at the time of sentencing; and three years of supervised release with
27  conditions of supervised release to be established by the Court, with one condition being that I
28  may not reenter the United States illegally during my term of supervised release.

PLEA AGREEMENT
CR 06-00650 JF                                3

1  9.  I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release (if any); not to intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government; and not to fail to comply with any of the other promises I have made in this Agreement. I agree that, if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises in this Agreement, including those set forth in paragraphs 12 through 13 below, but I will not be released from my guilty plea.

10.  I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future.

11.  I agree that this Agreement binds the U.S. Attorney's Office for the Northern District of California only, and does not bind any other federal, state, or local agency.

The Government's Promises

12.  The government agrees not to file or seek any additional charges against the defendant that could be filed as a result of the investigation that led to the captioned information.

13.  The government agrees that the reasonable and appropriate sentence in this case should be as set forth in paragraph 8 above, unless the defendant violates the agreement as set forth in paragraph 9 above or fails to accept responsibility.

The Defendant's Affirmations

14.  I confirm that I have had adequate time to discuss this case, the evidence, and this Agreement with my attorney, and that he has provided me with all the legal advice that I requested.

15.  I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine.

16.  I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this agreement.

17. I confirm that I read this entire plea agreement in the presence of my attorney.

Dated: 10/18/06

_____
ERNESTO LUERA
Defendant

KEVIN V. RYAN
United States Attorney

Dated: 10/18/07

_____
JOSEPH A. FAZIOLI
Assistant United States Attorney

I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement. In my opinion, my client understands all the terms of this Agreement and all the rights he is giving up by pleading guilty, and, based on the information now known to me, his decision to plead guilty is knowing and voluntary.

Dated: 10/18/06

_____
JAY RORTY
Attorney for Defendant

### INTERPRETER CERTIFICATION

I, _____, hereby certify that I am a certified Spanish interpreter and that I accurately translated this plea agreement to the defendant, he told me that he understood it, and I believe his answer was true and correct.

Dated: _____

_____
Interpreter's signature

PLEA AGREEMENT
CR 06-00650 JF                                    5