```
 1            IN THE UNITED STATES DISTRICT COURT
 2           FOR THE NORTHERN DISTRICT OF CALIFORNIA
 3                      SAN JOSE DIVISION
 4
 5                                                    COPY
 6
 7   THE PEOPLE OF THE            )
     STATE OF CALIFORNIA          )
 8                  PLAINTIFF,    )
            VERSUS                )   NO. CR-06-00650-JF
 9   ERNESTO LUERA,               )   OCTOBER 18, 2006
                    DEFENDANT.    )
10   _____)
11
12
13              TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE JEREMY FOGEL
14              UNITED STATES DISTRICT JUDGE
15
16
     A-P-P-E-A-R-A-N-C-E-S:
17
     FOR THE PLAINTIFF:   OFFICE OF THE U.S. ATTORNEY
18                        By: SUSAN KNIGHT
                          150 South Almaden Boulevard
19                        Suite 900
                          San Jose, CA 95113
20
     FOR THE DEFENDANT:   FEDERAL PUBLIC DEFENDER'S
21                        By: JAY ADAM RORTY
                          160 W. Santa Clara
22                        Suite 575
                          San Jose, CA 95113
23
     COURT REPORTER:      GEORGINA GALVAN COLIN, CSR
24                        LICENSE NO. 10723
25
                                                           1
```

```
 1    San Jose, California                October 18, 2006
 2                    P-R-O-C-E-E-D-I-N-G-S
 3             THE COURT:  United States versus Ernesto
 4    Luera.
 5             MR. RORTY:  Jay Rorty for Ernesto Luera.
 6    He is present in custody and does not require the
 7    services of the interpreter.
 8             MS. KNIGHT:  Good morning, your Honor.
 9    Susan Knight for the United States.
10             THE COURT:  Can I just confirm that
11    Mr. Salgado does not need an interpreter either?
12             MS. LIE:  That's correct.
13             THE COURT:  Thank you.  All right.
14             MR. RORTY:  There is a disposition.  Does
15    the Court have a copy of the plea agreement?
16             THE COURT:  Yes.  This is a fast track
17    disposition?
18             MS. KNIGHT:  Yes, your Honor.
19             MR. RORTY:  And I'm providing the clerk
20    with the signed original.
21             THE COURT:  And sentencing is to be
22    today?
23             MR. RORTY:  Yes.
24             THE COURT:  Can I have the defendant
25    sworn, please?
                                                          2
```

| | |
|---|---|
| 1 | (Whereupon, the defendant was sworn.) |
| 2 | THE COURT: Good morning, Mr. Luera. I |
| 3 | have a number of questions to ask you. If you want |
| 4 | me to repeat or explain anything while I go through |
| 5 | this, let me know. If you need to speak to |
| 6 | Mr. Rorty, please do that. And please keep in mind |
| 7 | that you just promised to tell the truth so if you |
| 8 | say anything now that isn't the truth you can be |
| 9 | prosecuted for that; do you understand that? |
| 10 | THE DEFENDANT: Yes, sir. |
| 11 | THE COURT: First of all, what is your |
| 12 | true name? |
| 13 | THE DEFENDANT: Ernesto Luera Dominguez. |
| 14 | THE COURT: And your father's name is |
| 15 | Luera and your mother's name Dominguez? |
| 16 | THE DEFENDANT: Yes, sir, it is. |
| 17 | THE COURT: How old are you? |
| 18 | THE DEFENDANT: I'm 46. |
| 19 | THE COURT: Where were you born? |
| 20 | THE DEFENDANT: Mexico. |
| 21 | THE COURT: Are you a citizen of the |
| 22 | United States? |
| 23 | THE DEFENDANT: No. |
| 24 | THE COURT: When did you come to the |
| 25 | United States? |

```
 1                 THE DEFENDANT:  '71.
 2                 THE COURT:  How old were you then?
 3                 THE DEFENDANT:  I believe I was seven.
 4                 THE COURT:  All right.  So you attended
 5    school in the United States, is that correct?
 6                 THE DEFENDANT:  Yes, sir.
 7                 THE COURT:  What was the last grade of
 8    school you completed?
 9                 THE DEFENDANT:  Ninth grade.
10                 THE COURT:  So you are comfortable in
11    both Spanish and English; is that correct?
12                 THE DEFENDANT:  Yes, sir.
13                 THE COURT:  And you're comfortable
14    conducting this conversation in English; is that
15    right?
16                 THE DEFENDANT:  Yes, sir.
17                 THE COURT:  And you read and understood
18    the plea agreement, which is in English; is that
19    right?
20                 THE DEFENDANT:  Yes, sir.
21                 THE COURT:  Have you had enough time to
22    discuss the plea agreement with Mr. Rorty?
23                 THE DEFENDANT:  Yes, sir.
24                 THE COURT:  He's been able to answer any
25    questions you may have had about the plea
```

4

1  agreement?
2      THE DEFENDANT:  Yes, sir.
3      THE COURT:  Do you have any complaint or
4  any dissatisfaction about the legal services you've
5  received?
6      THE DEFENDANT:  No, sir.
7      THE COURT:  Other than the promises that
8  are contained in the plea agreement, has anyone
9  promised you anything for a guilty plea today?
10      THE DEFENDANT:  No.
11      THE COURT:  Has anyone threatened you in
12  order to get you to plead guilty?
13      THE DEFENDANT:  No.
14      THE COURT:  Are you presently under the
15  influence of any drug or medication?
16      THE DEFENDANT:  No.
17      THE COURT:  Is your decision to plead
18  guilty free and voluntary?
19      THE DEFENDANT:  Yes.
20      THE COURT:  There is one count in the
21  information to which you're offering to plead
22  guilty and that is illegal entry into the United
23  States following deportation.  The elements of this
24  offense, that is what the government would have to
25  prove to convict you, are first that you are not a

5

1   citizen; second, that you were deported from the
2   United States; third, that you knowingly re-entered
3   or were found in the United States without the
4   required permission of the Attorney General or the
5   Secretary of Department of Homeland Security; do
6   you understand what the government has to prove?
7           THE DEFENDANT:  Yes.
8           THE COURT:  Do you understand that the
9   government has to prove all three of those things I
10  just described beyond a reasonable doubt in order
11  for you to be convicted?
12          THE DEFENDANT:  Yes.
13          THE COURT:  Do you understand that if
14  they can't prove all three of those elements you
15  can't be convicted?
16          THE DEFENDANT:  Yes.
17          THE COURT:  The maximum prison sentence
18  for this offense is 20 years.  The maximum fine is
19  $250,000.  The maximum term of supervised release
20  is three years.  Mandatory special assessment is
21  $100, and there's also the consequence of
22  deportation; do you understand the maximum
23  penalties?
24          THE DEFENDANT:  Yes, sir.
25          THE COURT:  There's an agreement between

6

1   you and the government in this case that you will
2   receive a particular sentence, and I've had the
3   opportunity to review that.  If you plead guilty,
4   and if I accept your plea, I will impose this
5   agreed sentence.
6          So if you plead guilty this is the
7   sentence you will receive:  51 months of
8   imprisonment, mandatory special assessment of $100,
9   and three years of supervised release on the
10  standard conditions that this court imposes.  And
11  one of those conditions would be that you not
12  re-enter the United States illegally during the
13  term of your supervised release.  Do you understand
14  that that is the sentence you will receive?
15         THE DEFENDANT:  Yes, sir.
16         THE COURT:  As long as the Court imposes
17  that sentence, you may not later seek to withdraw
18  your guilty plea based on the sentence; do you
19  understand that?
20         THE DEFENDANT:  Yes, sir.
21         THE COURT:  You have the right to a
22  lawyer at every stage of this case, including
23  trial.  And it's important that you understand that
24  if you wanted to go to trial you would have the
25  right to do that with the assistance of a lawyer.

7

GEORGINA GALVAN COLIN, CSR 10723

```
 1    And if at any time you cannot afford a lawyer you
 2    have the right to have a lawyer paid for by the
 3    government at no cost; do you understand that?
 4            THE DEFENDANT:  Yes, sir.
 5            THE COURT:  You have the right to a
 6    speedy public jury trial; do you understand that
 7    right?
 8            THE DEFENDANT:  Yes.
 9            THE COURT:  Do you give up that right?
10            THE DEFENDANT:  Yes.
11            THE COURT:  You have the right to see,
12    hear and question any witnesses who testify against
13    you; do you understand that?
14            THE DEFENDANT:  Yes.
15            THE COURT:  And do you give up that
16    right?
17            THE DEFENDANT:  Yes.
18            THE COURT:  You have the right to call
19    witnesses on your own behalf.  And if the witnesses
20    that you call won't come to court on their own you
21    have the right to have a court order to require
22    them to testify; do you understand that?
23            THE DEFENDANT:  Yes.
24            THE COURT:  And do you give up that
25    right?
```

8

```
 1                THE DEFENDANT:  Yes.
 2                THE COURT:  You have the right to testify
 3   for yourself and give your own version of what
 4   occurred in this case; do you understand that?
 5                THE DEFENDANT:  Yes.
 6                THE COURT:  And do you give up that
 7   right?
 8                THE DEFENDANT:  Yes.
 9                THE COURT:  You have the right not to
10   testify.  And should you choose to remain silent
11   you have an absolute right not to have any comment
12   made about that.  In other words, the Court or
13   prosecutor can't comment upon the fact that you
14   remain silent, and that won't in any way suggest
15   you are guilty; do you understand that?
16                THE DEFENDANT:  Yes.
17                THE COURT:  Do you give up that right?
18                THE DEFENDANT:  Yes.
19                THE COURT:  You have the right not to
20   incriminate yourself, which means no one can force
21   you to plead guilty; do you understand that?
22                THE DEFENDANT:  Yes.
23                THE COURT:  Do you give up that right?
24                THE DEFENDANT:  Yes.
25                THE COURT:  If this case were to go to
                                                          9
```

1   trial, and if you were convicted, you'd have the
2   right to appeal anything that this court has done,
3   including the sentence, any ruling the Court has
4   made, any aspect of this proceeding.
5           Under the plea agreement, you're giving
6   up your right to appeal; do you understand that?
7           THE DEFENDANT:  Yes, sir.
8           THE COURT:  And do you give up that
9   right?
10          THE DEFENDANT:  Yes.
11          THE COURT:  You also have the right to
12  attack, by other ways, orders that this court
13  makes.  You can seek a writ of habeas corpus.  You
14  can make a motion to direct your sentence.  There
15  are various remedies available besides appeal.
16          Under the plea agreement you are giving
17  up any and all rights of that kind, except for the
18  right to claim that you didn't receive effective
19  legal assistance; do you understand that?
20          THE DEFENDANT:  Yes, sir.
21          THE COURT:  And do you give up that
22  right?
23          THE DEFENDANT:  Yes.
24          THE COURT:  As I already advised you, in
25  all likelihood, after you complete your prison

10

GEORGINA GALVAN COLIN, CSR 10723

```
 1    sentence you will be deported; do you understand
 2    that?
 3              THE DEFENDANT:  Yes, sir.
 4              THE COURT:  I'm going to ask Ms. Knight
 5    on the government's offer.
 6              MS. KNIGHT:  Thank you, your Honor.
 7              If this case were to go to trial, the
 8    government would offer the testimony of agents from
 9    Immigration and Customs Enforcement, documents from
10    the defendant's alien file, as well as his own
11    admissions to prove he is a citizen of Mexico, that
12    he has never been a citizen of the United States,
13    that the following dates he was deported from the
14    United States to Mexico, specifically, January 5th
15    1994, August 4th 1995, April 28th 1998, July 14th
16    1998, and January 11th 2005.  And that on or about
17    June 20th of 2005, the defendant was found in the
18    United States by agents of Immigration and Customs
19    Enforcement and at that time he did not have the
20    permission from the United States government to be
21    in the United States.
22              THE COURT:  Mr. Luera, did you hear and
23    understand the facts that the government is
24    prepared to prove?
25              THE DEFENDANT:  Yes, sir.
```

11

1             THE COURT: Are those facts true and
2    correct?
3             THE DEFENDANT: Yes, they are.
4             THE COURT: What is your plea to the
5    charge of illegal --
6             THE DEFENDANT: Guilty.
7             THE COURT: Just a moment, sir. I know
8    you would like to get this over just as much as I
9    would but please wait until I finish my question,
10   okay?
11            THE DEFENDANT: I apologize.
12            THE COURT: What is your plea to the
13   charge of illegal entry into the United States
14   following deportation?
15            THE DEFENDANT: Guilty, sir.
16            THE COURT: The Court will accept the
17   plea and find that the defendant has made a
18   knowing, intelligent and voluntary waiver of his
19   constitutional rights, and that there is an
20   independent factual basis for each element of the
21   charge.
22            Any legal cause why the Court should not
23   proceed with sentencing at this time?
24            MR. RORTY: No.
25            I've discussed with Mr. Luera the

12

1  ordinary course in which a pre-sentence report
2  would be prepared by the probation department and
3  he'd be interviewed, and he indicated to me that he
4  desires to be sentenced today, and is prepared to
5  waive any right he may have in connection with that
6  process.
7         THE COURT:  Ms. Knight, any legal cause?
8         MS. KNIGHT:  No, your Honor.  Thank you.
9         THE COURT:  Mr. Luera, is there anything
10 you would like to say before sentencing?
11        THE DEFENDANT:  No.
12        THE COURT:  Thank you.
13        Pursuant to the plea agreement and
14 pursuant to 3553 of Title 18, the Court finds that
15 the agreed sentence is a reasonable one.
16        The Court has reviewed Mr. Luera's
17 criminal history and is prepared to sentence now
18 based on the plea agreement.
19        Pursuant to the Sentencing Reform Act of
20 1984, it is the judgment of the Court that the
21 defendant, Ernesto Luera, is hereby committed to
22 the custody of the Bureau of Prisons for a period
23 of 51 months, and is to pay a mandatory special
24 assessment of $100.
25        Following his release from the Bureau of

GEORGINA GALVAN COLIN, CSR 10723

| | |
|---|---|
| 1 | Prisons, three years of supervised release with the |
| 2 | condition, in addition, including a special |
| 3 | condition that he not re-enter the United States |
| 4 | illegally during the term of supervised release. |
| 5 |     Mr. Luera, the plea agreement contains a |
| 6 | waiver of your right to appeal.  We've already |
| 7 | discussed that.  If, however, you think there is |
| 8 | any basis for an appeal you must do that within 10 |
| 9 | days, okay? |
| 10 |     THE DEFENDANT:  Thank you. |
| 11 |     MS. KNIGHT:  Thank you. |
| 12 |     (Whereupon, proceedings were concluded.) |
| 13 |     --oOo-- |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

GEORGINA GALVAN COLIN, CSR 10723

CERTIFICATE OF REPORTER

I, Georgina Galvan Colin, a Certified Shorthand Reporter for the United States District Court for the Northern District of California, 280 South First Street, San Jose, California, do hereby certify:

That the foregoing transcript is a full, true and correct transcript of the proceeding had in People versus Ernesto Luera, Case Number CR-06-00650-JF, dated October 18, 2006, that I reported the same in stenotype to the best of my ability, and thereafter had the same transcribed by computer-aided transcription as herein appears.

Dated: Feb 5, 2008

_____
GEORGINA GALVAN COLIN, CSR
License Number 10723

15