**E-Filed 3/5/2009**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ERNESTO LUERA,<br>Defendant. | Case Number CR 06-0650 JF<br>C 07-04009 JF<br><br>ORDER[1] DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br>[Re: Docket No. 16] |

Defendant Ernesto Luera ("Defendant") moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The Court has read the moving and responding papers and has considered the applicable law. For the reasons discussed below, the motion will be denied.

**I. BACKGROUND**

Defendant is a native and citizen of Mexico. The records of the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") show that he was arrested and deported from the United States on five occasions. On July 16, 1992, Defendant was convicted in the Superior Court of the State of California of possession of a

[1]This disposition is not designated for publication in the official reports.

firearm and sale of cocaine. On a date no later than June 20, 2005, Defendant was found to be unlawfully present in the United States after prior arrests and deportations, in violation of 8 U.S.C. § 1326. On October 18, 2006, Defendant pled guilty and was sentenced to 51 months imprisonment pursuant to a written plea agreement. Defendant was represented by Assistant Federal Public Defender Jay Rorty ("Mr. Rorty").

On August 6, 2007, Defendant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. On September 24, 2007, he filed an amended motion. Defendant alleges that he received ineffective assistance of counsel because Mr. Rorty 1) failed to investigate and present a claim that 8 U.S.C. § 1326 was unconstitutional; 2) allowed him to be sentenced pursuant to enhancements that were neither set forth in his indictment nor admitted; and 3) failed to challenge alleged governmental misconduct in prosecuting him. Defendant also alleges that 1) the Government engaged in prosecutorial misconduct by prosecuting him under 8 U.S.C. § 1326 since the statute lacks an implementing regulation; 2) the immigration court has exclusive jurisdiction to hear and decide matters of illegal reentry; and 3) the Court and the Government deprived him of his constitutional right by utilizing unimplemented law.

## II. LEGAL STANDARD

A prisoner in federal custody may move the sentencing court to vacate, set aside or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1456 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).

## III. DISCUSSION

To assert a successful claim of ineffective assistance of counsel, Defendant must show that (1) his attorney's performance was unreasonable under prevailing professional standards, and

(2) there is a "reasonable probability that but for counsel's unprofessional errors, the result would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 687-91 (1984). Under controlling case law, "[t]actical decisions that are not objectively unreasonable do not constitute ineffective assistance of counsel." *Henley v. Crist*, 67 F.3d 181, 185 (9th Cir. 1995) (internal citation omitted).

**A. Constitutionality of 8 U.S.C. § 1326**

Defendant argues that Mr. Rorty was ineffective because he did not challenge the constitutionality of 8 U.S.C. § 1326 or make allegations of prosecutorial misconduct by the Government relating to the constitutionality of 8 U.S.C. § 1326. The gist of Defendant's argument is that 8 U.S.C. § 1326 requires an implementing regulation in the Code of Federal Regulations (C.F.R.) in order to be effective. *See* Def. Mot. at 7-9.

8 U.S.C. § 1326 is a criminal statute subject to sentencing guidelines. Defendant has not demonstrated why the statute requires an implementing regulation in the C.F.R. The Ninth Circuit repeatedly has recognized the constitutionality of 8 U.S.C. § 1326. *See e.g.*, *U.S. v. Hernandez-Guerrero*, 147 F.3d 1075 (9th Cir. 1998) (holding that Congress possessed ample authority to enact § 1326 pursuant to its inherent immigration power); *U.S. v. Ruiz-Chairez*, 493 F.3d 1089 (reaffirming that § 1326 is a legitimate exercise of Congress's immigration power.)

It follows that the Government did not engage in any prosecutorial misconduct in prosecuting Defendant, and that Mr. Rorty's decision not to challenge the constitutionality of 8 U.S.C. § 1326 or the Government's conduct was not ineffective assistance.

**B. Sentencing Enhancements**

Defendant also asserts that Mr. Rorty allowed him to be sentenced pursuant to enhancements that were neither alleged in his indictment nor admitted. Def. Mot. at 3-4. Defendant appears to be arguing that Mr. Rorty was ineffective because he did not challenge the prior drug trafficking conviction used to enhance Defendant's sentence under U.S.S.G § 2L 1.2(b)[2].

---

[2]The prior drug trafficking conviction resulted in a 16-level sentencing enhancement.

According to the record, Defendant agreed to this precise sentencing enhancement in his plea agreement. Luera Plea Agreement at 3. In fact, Defendant did admit to the prior conviction.

Moreover, the Supreme Court has held that "subsection [(b) of 8 U.S.C. § 1326] is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist. It does not define a separate crime. Consequently, neither the statute nor the Constitution requires the Government to charge the factor that it mentions, an earlier conviction, in the indictment." *U.S. v. Beng-Salazar*, 452 F.3d 1088, 1091 (9th Cir. 2006) (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998)). The Ninth Circuit consistently has upheld the use of non-admitted prior convictions as sentencing enhancements. *See e.g. Beng-Salazar*, 452 F.3d (upholding sentencing enhancement based on prior conviction of crime of violence not admitted by defendant); *U.S. v. Rodriguez-Lara*, 421 F.3d 932 (9th Cir. 2005) (rejecting defendant's argument that his prior conviction for transport of methamphetamine was not admitted by him or proved to a jury beyond a reasonable doubt). The use of Defendant's prior drug trafficking conviction as sentencing enhancement thus was valid, and Mr. Rorty's decision not to challenge the use was not ineffective assistance.

**C. Other Arguments**

Defendant argues that the immigration court has exclusive jurisdiction to hear and decide matters of illegal reentry, and that the Court and the Government deprived him of his constitutional rights by utilizing unimplemented law. These arguments are barred by an express waiver in his plea agreement and are without merit.

**1. Barred by Plea Agreement**

The Court applies "contract principles, including the parol evidence rule, and looks to, and enforces, the plain language of a contract and does not look to 'extrinsic evidence ... to interpret ... the terms of an unambiguous written [plea agreement].'" *U.S. v. Nunez*, 223 F.3d 956, 957 (9th Cir. 2000) (internal citation omitted). By signing his plea agreement, Defendant agreed to waive any challenge, including appeals and collateral attacks, to his conviction or sentence at any time in the future after his sentencing except for a claim that his constitutional right to the effective assistance of counsel was violated. Luera Plea Agreement at 3. Defendant's

substantive claims therefore are barred by the unambiguous waiver in his plea agreement.

**2. Prosecutorial Misconduct**

Defendant argues that the Government committed prosecutorial misconduct by knowingly prosecuting him pursuant to a law, 8 U.S.C. § 1326, that is unconstitutional. As discussed above, 8 U.S.C. § 1326 is valid and constitutional. There was no misconduct.

**3. Jurisdiction**

Defendant claims that the immigration court has exclusive jurisdiction for all immigration violations, including § 1326 violations. However, § 1326 is a criminal statute, and "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. The Ninth Circuit has reviewed numerous § 1326 decisions and has not remanded any of them because of lack of jurisdiction of the district court. *See e.g. U.S. v. Beng-Salazar*, 452 F.3d 1088 (9th Cir. 2006); *U.S. v. Rodriguez-Lara*, 421 F.3d 932 (9th Cir. 2005); *U.S. v. Hernandez-Guerrero*, 147 F.3d 1075 (9th Cir. 1998). This Court had proper jurisdiction.

**4. Unimplemented Law**

Finally, Defendant argues that the Court and the Government deprived him of his constitutional rights by utilizing unimplemented law. As discussed above, 8 U.S.C. § 1326 is valid and constitutional and does not require an implementing regulation. Defendant was not deprived of his constitutional rights.

## V. ORDER

For reasons discussed above, Defendant's motion to vacate, set aside or correct sentence is DENIED.

**IT IS SO ORDERED.**

DATED: 3/5/2009

JEREMY FOGEL
United States District Judge

This Order has been served upon the following persons:

Jay Adam Rorty jay_rorty@fd.org, susie_barrera@fd.org

Joseph A. Fazioli joseph.fazioli@usdoj.gov, Katherine.Huynh@usdoj.gov